MARK HOLMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holmes v. Commissioner
Docket No. 7366-90
United States Tax Court
T.C. Memo 1991-640; 1991 Tax Ct. Memo LEXIS 688; 62 T.C.M. (CCH) 1609; T.C.M. (RIA) 91640; December 23, 1991, Filed *688 Appropriate orders will be issued. Mark Holmes, pro se. Chalmer Posten, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This matter is before us on petitioner's motion to continue, as to which respondent has indicated no objection. We deny the motion to continue for the reasons stated below. We further refuse to file a so-called "piggyback" agreement for the reasons set forth below. A notice of deficiency was mailed to petitioner for his 1986 Federal income tax on January 18, 1990. His petition was filed in this Court on April 20, 1990. The issue was joined on June 18, 1990, when respondent's Answer was filed. The case was set for trial on December 10, 1990, by notice dated September 11, 1990. However, on November 23, 1990, petitioner's Motion for Continuance was filed, as to which respondent had no objection. In support of the continuance, petitioner advised this Court that he and his parents were partners in a partnership which owned shares in a cooperative housing corporation, and that issues in the case concerned his share of partnership income and losses. Petitioner went on to advise that his parents claimed the same deductions *689 relating to their share of partnership income and losses, that they had also received a notice of deficiency for their 1986 year, but that they paid the deficiency and filed a claim for refund with the IRS. It was the stated intention of petitioner, who is an attorney, to have his parents file a complaint for refund in the United States District Court in Buffalo, New York, once their refund claim was disallowed by the IRS. Petitioner went on to "represent that I will promptly prepare and file a complaint in my parents' case; and enter into a "piggyback" agreement [in the instant case] so that I will be bound by the factual and legal determinations made in that case." Petitioner's first motion for a continuance was granted. Subsequently, by notice dated January 18, 1991, this case was once again set for trial on April 8, 1991. Petitioner filed on April 4, 1991, another motion for continuance, to which respondent had no objection, essentially citing the same factual circumstances, but going on to state that petitioner's parents had received a notice of partial denial of their refund claim on November 19, 1990, but had not yet received a check for the partial refund. For that reason *690 petitioner stated that he had not yet filed a complaint commencing his parents' action "because they fear that adding counts seeking the partial refund the IRS has said would be forthcoming would further delay its arrival." Petitioner went on to represent "that I will promptly prepare and file a complaint in my parents' case as soon as they receive their refund" and that he would "then promptly enter into a "piggyback" agreement so that I will be bound by the factual and legal determinations made in the parallel part of that case." We note that petitioner was in a position, as of the time his parents received their notice of partial disallowance of their claim in November of 1990, to file a complaint in a United States District Court for the refund of the tax which was the subject of the claim and which had been disallowed. The second motion for a continuance was granted. This case has now been set for trial for the third time by notice dated August 21, 1991, with a trial date of November 12, 1991. Petitioner, on November 7, 1991, filed his third motion for a continuance, as to which respondent again had no objection. In his motion petitioner stated that his parents had received *691 their partial refund "this summer." Also, for the first time, petitioner advised the Court that his parents' action would include both 1985 and 1986, and also advised the Court for the first time that he, petitioner, had also filed a claim for refund for 1985, and would also be filing a complaint in the U.S. District Court for that year. Petitioner's motion further made it clear that, as of the date of the motion, no complaint for refund of taxes had yet been filed in the U.S. District Court. Petitioner's motion for continuance was denied, and the matter was set for hearing on Wednesday, November 13, 1991. At that hearing, petitioner renewed his request for a continuance, as to which respondent had no objection, and stated that he had filed the District Court complaint on the preceding day and presented the Court with a piggyback agreement with respondent in which the parties agreed to be bound by the decision in the District Court. Among other items, the agreement provided that the parties would file a status report with this Court 1 year hence, in November of 1992, in regard to the District Court matter. We refused to file the piggyback agreement and denied petitioner's oral *692 motion for a continuance. It is our opinion that both parties are simply attempting to delay trial of a case, which on the facts as stated by petitioner appears to be relatively simple and straightforward, depending mainly upon a determination of the fair rental value of a cooperative apartment in New York City. In our view, it is time for this matter to go to trial. We invite the parties' attention to the provisions of our Rule 134, Tax Court Rules of Practice and Procedure, regarding continuances. That Rule states, in relevant part, as follows: A motion for continuance based upon the pendency in a court of a related case or cases shall include the name and docket number of any such related case, the names of counsel for the parties in such case, and the status of such case, and shall identify all issues common to any such related case. Continuances will be granted only in exceptional circumstances. * * * A motion for continuance, filed 30 days or less prior to the date to which it is directed, may be set for hearing on that date, but ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not *693 making the motion sooner. * * *
Our Rules are drafted in clear language to mean what they say. Petitioner did not meet the specific requirements of Rule 134, much less the spirit of the Rule. We have been lenient with the parties in this matter upon representations that related cases were to be filed in the U.S. District Court, and that piggyback agreements to be bound by those cases would be reached. However, as of the filing of the third Motion to Continue on November 7, 1991, we discovered that as of that date no complaint had yet been filed in the U.S. District Court in the related matters. We no longer can accept the arguments made by the parties that judicial economy will be served by continuing this matter one more time. There is no way to tell, on the record so far, whether the issues in fact in the District Court case are the same as those at bar. Nor is there any way to tell when issue will be joined in the District Court case. The assumption of the parties herein appears to be that a motion for continuance as to which there is no objection somehow entitles them to a continuance. That assumption is incorrect and is unwarranted. We considered a somewhat similar *694 motion for continuance recently in Tangent Development Corp. v. Commissioner, T.C. Memo 1990-537. We pointed out, among other things, the difficulty of reconstructing events occurring many years ago, and the likelihood that such problems would merely get worse in the event of an indefinite postponement. We went on to state that our denial of the motion to continue "was consistent with the Court's policy, expressed in Rule 134 * * * that continuances will be granted only in exceptional circumstances," citing Manzoli v. Commissioner, 904 F.2d 101 (1st Cir. 1990), affg. a Memorandum Opinion of this Court. We see no exceptional circumstances in the instant case. This petition was filed in this Court almost 19 months ago, giving petitioner the advantage of having the matter heard in this forum without the prepayment of the tax in question. Neither party has given this Court an adequate reason for once again continuing the matter and we will not do so. We have decided that the piggyback agreement will not be accepted or filed, and the motion to continue will be denied. Trial of this matter has already been set for January 9, 1992. Appropriate *695 orders will be issued.